FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 31 2009
JAMES W. McCORMACK, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**(Western Division)**

NATE DOUGLAS, THOMAS DERICO, LISA SMITH, and LEROY ROBINSON, individually and on behalf of all persons similarly situated,

Plaintiffs,

v.

FIRST STUDENT, INC.,

Defendant.

CLASS/COLLECTIVE ACTION

Civil Action No.: 4:09-CV-0652SWW

This case assigned to District Judge Wright
and to Magistrate Judge Volpe

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Nate Douglas, Thomas Derico, Lisa Smith and Leroy Robinson ("Plaintiffs"), by and through their undersigned counsel, on behalf of themselves and all other similarly situated current or former employees of Defendant First Student, Inc. ("First Student" or "Defendant"), complain and allege upon information and belief, except as to the allegations that pertain to the named Plaintiffs, which are based upon personal knowledge, as follows:

## I. INTRODUCTION

1. Plaintiffs bring this case as a representative action against Defendant under federal law pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., on behalf of themselves and all other similarly situated current and former employees of Defendant's Little Rock, Arkansas Terminal (the "Little Rock Terminal") for, *inter alia*, unpaid wages and unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

2. Plaintiffs also bring this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated current and former employees of Defendant's Little Rock Terminal for the purpose of obtaining relief under Arkansas law for *inter alia*, unpaid wages and unpaid overtime wages, under the Arkansas Minimum Wage Act, Ark. Code Ann. §§ 11-4-201 *et seq*., breach of contract and unjust enrichment.

## II. JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law class claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c). The events giving rise to Plaintiffs' claims occurred within this judicial district. Defendant resides in this judicial district and is subject to personal jurisdiction here.

## III. PARTIES

Plaintiffs

5. Plaintiff Nate Douglas resides in Little Rock, Arkansas. He worked for Defendant between approximately February 1997 and March 2008 as a driver. Plaintiff Douglas often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Douglas for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.

6. Plaintiff Thomas Derico resides in Little Rock, Arkansas. He worked for Defendant between 1998 and March 2009 as a driver and dispatcher. Plaintiff Derico worked exclusively as a dispatcher between 2001 and March 2009. Plaintiff Derico often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Derico for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.

7. Plaintiff Lisa Smith resides in Little Rock, Arkansas. She has worked for Defendant since 1995 as a driver. Between 2001 and 2008, Plaintiff Smith worked as a dispatcher in addition to her duties as a driver. Plaintiff Smith often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Smith for all straight-time hours at her promised hourly wage rate as required by state and federal wage laws.

8. Plaintiff Leroy Robinson resides in Angleton, Texas. He worked for Defendant between 2000 and March 2008 as a driver. Between 2001 and March 2008, Plaintiff Robinson also worked as a trainer. Between 2002 and March 2008, Plaintiff Robinson worked as a dispatcher in addition to his other duties. Plaintiff Robinson often worked in excess of 40 hours per week, but did not receive overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Robinson for all straight-time hours at his promised hourly wage rate as required by state and federal wage laws.

9. Pursuant to 29 U.S.C. § 216(b), all of the above-named Plaintiffs who have overtime claims have consented in writing (copy attached) to being Plaintiffs in this action.

Defendant

10. Defendant First Student, Inc. ("First Student" or "Defendant") is incorporated under Florida law and is headquartered in Cincinnati, Ohio. First Student employed Plaintiffs and similarly situated employees as bus drivers and dispatchers.

11. At all times relevant to this Complaint, Defendant has been an enterprise engaged in interstate commerce within the meaning of the FLSA, and the employer of Plaintiffs within the meaning of the FLSA and the Arkansas Minimum Wage Act.

## IV. STATEMENT OF FACTS

12. First Student has contracts with the public school systems of Little Rock, Arkansas to transport school children to and from school and school-related events.

13. First Student employs bus drivers and dispatchers, including Plaintiffs and other employees similarly situated to Plaintiffs at its Little Rock Terminal.

14. First Student has failed to keep accurate records of all hours worked by Plaintiffs and similarly situated employees, as required by state and federal law.

15. Rather than keeping accurate time records as required by state and federal law, First Student pays Plaintiffs and similarly situated employees based on its estimate of the time required to perform the job, not the actual time worked.

16. First Student has failed to compensate Plaintiffs and similarly situated employees for all hours and overtime worked. Even when Plaintiffs have requested that First Student pay them for all hours worked, First Student has refused to pay them their lawful wages.

17. For example, First Student has failed to pay its drivers for the time required to conduct required inspections of their buses, to complete required paperwork, to wait for students to be released from school, to transport the children safely in congested traffic or bad weather, and to wait to park their buses in the lot and perform other work-related functions.

18. First Student pays its drivers for two and a half hours for the morning shift (the "A.M. Run") and two and half hours for the afternoon shift (the "P.M. Run"), regardless of how many hours they have actually worked.

19. Duties for the A.M. and P.M. Runs include required pre-trip inspection, fueling, review of route changes and transporting students to and from school.

20. First Student's drivers routinely work for longer than two and a half hours per run.

21. In addition, some drivers and other similarly situated employees perform charter work, most of which involves transporting school children for school-related events, such as field trips and athletic events. Defendant's drivers receive a flat rate and incremental time for each field trip or athletic event ("Athletic Run"), regardless of the number of hours actually worked.

22. The flat rate paid often amounts to less than the hourly rate required by the federal minimum wage.

23. First Student pays its dispatchers for a fixed number of hours, regardless of the time they have actually worked.

24. First Student's dispatchers routinely work for longer than the fixed number of hours they are paid.

25. Plaintiffs' principal work activities, including charter work, are conducted intrastate within the State of Arkansas.

26. The transportation of school children to school and school related events is not exempt from the overtime provisions of the FLSA or Arkansas law. Plaintiffs are covered by the overtime requirements of the FLSA and Arkansas law, both of which provide that all hours worked in excess of 40 hours per week are "overtime" hours, payable at a rate of one and one-half times the regular hourly rate.

27. Defendant has failed to pay Plaintiffs in full for all overtime work, compensation to which they are entitled under state and federal law.

28. Defendant's denial of legal wages and overtime compensation to Plaintiffs and other similarly situated employees is, and has been, willful and deliberate.

29. Defendant has also failed to pay Plaintiffs and similarly situated employees for all hours worked at their promised regular hourly rate for non-overtime hours, as required by the Arkansas Minimum Wage Act.

## V. CLASS ACTION ALLEGATIONS UNDER ARKANSAS LAW

30. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class:

> all persons employed by First Student, Inc. as drivers and/or dispatchers at its terminal in Little Rock, Arkansas at any time from August 1, 2006 to the present (the "Class").

31. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiffs believe that the number of Class members exceeds 400.

32. Plaintiffs will fairly and adequately represent and protect the interests of the Class because there is no conflict between the claims of the Plaintiffs and those of the Class and

Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

33. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual members of the Class, including: whether First Student has violated and continues to violate the Arkansas Minimum Wage Act through its policy or practice of not paying employees for all time worked; whether First Student entered into and breached a contract with Plaintiffs and the Class; and whether First Student has been unjustly enriched by its failure to pay Plaintiffs and the Class for all hours worked

34. Plaintiffs' claims are typical of the claims of the Class in the following ways: 1) Plaintiffs are members of the Class; 2) Plaintiffs' claims arise out of the same policy, practice and course of conduct that forms the basis of the class; 3) Plaintiffs' claims are based on the same legal and remedial theories as those of the class and involve similar factual circumstances; 4) there are no conflicts between the interests of the named Plaintiffs and the putative class members; and 5) the injuries suffered by the named Plaintiffs are similar to the injuries suffered by the Class members.

35. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the Class.

36. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

37. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

38. Without a class action, Defendant will likely retain the benefit of their wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## VI. <u>COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA</u>

39. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated to Plaintiffs with regard to their claims for unpaid wages

and damages, in that they have been denied proper overtime compensation at some point during the three years prior to the filing of this Complaint.

40. Plaintiffs are representative of those other current and former employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

41. Members of the Class are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires or permits them to perform work, in the form of spending time or conducting activities for the benefit of Defendant, which is not compensated pursuant to the FLSA.

42. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel competent and experienced in complex employment class action and collective action litigation.

43. Defendant's failure to pay Plaintiffs and the Class their lawful wages was and is willful. Defendant knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

44. Despite its knowledge that time spent by Plaintiffs and the Class, as described above, was compensable time under both state and federal law, Defendant has refused to fully compensate workers at the Little Rock Terminal for any of this time.

45. These similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I

### FAIR LABOR STANDARDS ACT
### (Denial of Overtime Compensation and Minimum Wage under Federal Law)

46. Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

47. Defendant violated the FLSA by knowingly failing to maintain records of all hours worked.

48. Defendant violated the FLSA by knowingly failing to compensate Plaintiffs at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

49. Defendant violated the FLSA by knowingly failing to compensate Plaintiffs the federally mandated minimum wage in violation of 29 U.S.C. § 206 for all hours worked.

50. Defendant's actions were willful.

51. Defendant is therefore liable to Plaintiffs and all other similarly situated employees, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid wages and unpaid overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II

### ARKANSAS MINIMUM WAGE ACT
### (Failure to Pay Promised Wage for All Hours Worked and Denial of Overtime Compensation)

52. Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

53. The foregoing conduct, as alleged, violated the Minimum Wage Act of the State of Arkansas, A.C.A. §§ 11-4-201, *et seq*.

54. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of A.C.A. § 11-4-203. Plaintiffs and the Class are employees within the meaning of A.C.A. § 11-4- 203.

55. As a result of Defendant's failure to pay, and decision to withhold, wages earned and due to its non-exempt current and former hourly employees in the State of Arkansas, including Plaintiffs and the Class, for all work performed, at the regular hourly wage rate, and for all work performed at the applicable overtime rate for work over forty hours in a week, Defendant has violated and continues to violate A.C.A. § 11-4-211.

56. As a result of Defendant's failure to record, report, credit and furnish to each of its non-exempt hourly employees, including Plaintiffs and the Class, their respective wage and hour records showing all wages earned and due for all work performed, Defendant has violated and continues to violate A.C.A. § 11-4-217.

57. Plaintiffs and the Class therefore seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, plus attorney's fees and costs of this action, as provided by A.C.A. § 11-4-218, along with any other legal and equitable relief the Court deems just and proper.

## COUNT III

## VIOLATION OF ARKANSAS STATE LAW
## (Breach of Contract)

58. Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

59. Defendant offered, and Plaintiffs and the Class accepted, employment with Defendant creating a contract of employment.

60. The consideration for each contract of employment was the payment of wages as agreed upon by Defendant and the Class, including Plaintiffs.

61. Inherent in every contract of employment are the terms and conditions of employment guaranteed by applicable federal and state wage and hour laws, including the FLSA and Arkansas state law.

62. Plaintiffs and the Class, by accepting employment and working for Defendant, performed all conditions precedent to performance by Defendant.

63. Defendant breached this contract of employment by not providing wages for all hours worked, including overtime wages.

64. Plaintiffs and the Class were damaged by Defendant's breach in that they worked hours for which they should have been compensated, but were not compensated because of Defendant's breach.

65. Plaintiffs and the Class are entitled to recover all wages to which they are owed by contract, and all other damages resulting from this breach of contract.

**COUNT IV**

**VIOLATION OF ARKANSAS STATE LAW**
**(Unjust Enrichment)**

66. All named Plaintiffs, on behalf of themselves and all prospective members of the Arkansas Class, repeat and incorporate by reference the allegations set forth above.

67. Defendant offered, and Plaintiffs and the Class accepted, employment with Defendant creating a contract of employment.

68. The consideration for each contract of employment was the payment of wages for all hours worked as agreed upon by Defendant and by Plaintiffs and the Class.

69. Plaintiffs and the Class conferred on Defendant the benefit of their services.

70. Defendant has appreciated the benefit of these services without paying Plaintiffs and the Class for the full value of their services.

71. Defendant's acceptance of this benefit without paying Plaintiffs and the Class for the full value of their services is inequitable under the circumstances detailed herein.

72. Plaintiffs and the Class are entitled to recover the reasonable value of their services, including all wages owed, and all other damages arising out Defendant's failure to pay Plaintiffs and the Class for their services.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this court:

a. Enter a declaratory judgment that Defendant violated Plaintiffs' rights under the FLSA and the Arkansas Minimum Wage Act;

b. Enjoin Defendant to comply with all applicable federal and state wage laws;

c. Award to each Plaintiff his or her unpaid overtime wages plus liquidated damages as required by the FLSA and the Arkansas Minimum Wage Law;

d. Award damages corresponding to the reasonable value of the services rendered to Defendant First Student whereby Defendant was unjustly enriched;

e. Award to Plaintiffs their costs and attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b), and A.C.A. § 11-4-218; and

f. Grant such other and further relief as the court may deem just and proper.

Respectfully submitted,

LAVEY & BURNETT

JOHN L. BURNETT, JR. 77021
Lavey & Burnett
904 W. 2nd St.
Little Rock, AR 72201
Tel: 501.376.2269

BERGER & MONTAGUE, P.C.

SHANON J. CARSON
SARAH SCHALMAN-BERGEN
Berger & Montague, P.C.
1622 Locust St.
Philadelphia, PA 19103
Tel: 215.875.4656

SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP

Todd Schneider / CCB
TODD M. SCHNEIDER
Schneider Wallace Cottrell Brayton
Konecky LLP
180 Montgomery St., Suite 2000
San Francisco, CA 94104
Tel: 415.421.7100

BROWN, GOLDSTEIN & LEVY, LLP

Christopher Brown
C. CHRISTOPHER BROWN
Brown, Goldstein & Levy, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Tel: 410.962.1030

*Attorneys for Plaintiffs*

Date: July 30, 2009

# OPT-IN CONSENT FORM

First Student, Inc. – Unpaid Wages and Overtime Litigation
United States District Court for the Eastern District of Arkansas

**Complete And Mail To:**
FIRST STUDENT WAGE & HOUR LITIGATION
ATTN: BARBARA MILLS
BERGER & MONTAGUE, P.C.
1622 LOCUST STREET
PHILADELPHIA, PA 19103

| Name: (Please Print) NATHANIEL A. DOUGLAS | Date of Birth: 05-16-73 |
|---|---|
| Address: 11 PALAMINO Ct. LR, AR 72209 | Phone No. 1: 501-744-8817<br>Phone No. 2: 501-562-9196 |

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* in connection with the above-referenced lawsuit.

2. I worked as a **(title)** Driver / Trainer employed by First Student, Inc. from on or about **(date)** 2/97 to on or about **(date)** 3/08.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4. I specifically authorize the Named Plaintiffs, and their attorneys, Berger & Montague, P.C., Schneider Wallace Cottrell Brayton Konecky LLP and Brown Goldstein Levy LLP, as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all compensation claim(s) I have against First Student, Inc. regarding my claims.

| 7-27-09 (Date Signed) | Nathaniel Douglas (Signature) |
|---|---|

****IMPORTANT NOTE****

**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

# OPT-IN CONSENT FORM

First Student, Inc. – Unpaid Wages and Overtime Litigation
United States District Court for the Eastern District of Arkansas

**Complete And Mail To:**
FIRST STUDENT WAGE & HOUR LITIGATION
ATTN: BARBARA MILLS
BERGER & MONTAGUE, P.C.
1622 LOCUST STREET
PHILADELPHIA, PA 19103

| Name: (Please Print) Thomas E. Derico | Date of Birth: 2-14-1948 |
|---|---|
| Address: 22 Somerset Drive N. Little Rock AR 72118 | Phone No. 1: 54-912-4370<br>Phone No. 2: 501-912-0086 |

## CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* in connection with the above-referenced lawsuit.

2. I worked as a **(title)** Dispatcher employed by First Student, Inc. from on or about **(date)** 01-07 to on or about **(date)** 07-08-09

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4. I specifically authorize the Named Plaintiffs, and their attorneys, Berger & Montague, P.C., Schneider Wallace Cottrell Brayton Konecky LLP and Brown Goldstein Levy LLP, as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all compensation claim(s) I have against First Student, Inc. regarding my claims.

| [signature] (Date 7-16-09) Signed) | [signature] (Signature) |
|---|---|

****IMPORTANT NOTE****

**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

# OPT-IN CONSENT FORM

First Student, Inc. – Unpaid Wages and Overtime Litigation
United States District Court for the Eastern District of Arkansas

**Complete And Mail To:**
FIRST STUDENT WAGE & HOUR LITIGATION
ATTN: BARBARA MILLS
BERGER & MONTAGUE, P.C.
1622 LOCUST STREET
PHILADELPHIA, PA 19103

| Name: (Please Print) Lisa Smith | Date of Birth: 1-19-1966 |
|---|---|
| Address: 5406 Dreher Lane Little Rock, AR 72209 | Phone No. 1: 501 (568-6528) Phone No. 2: 501 (766-7399) |

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. in connection with the above-referenced lawsuit.

2. I worked as a (title) Bus Driver/Dispatcher employed by First Student, Inc. from on or about (date) 07-01-95 to on or about (date) Currently.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4. I specifically authorize the Named Plaintiffs, and their attorneys, Berger & Montague, P.C., Schneider Wallace Cottrell Brayton Konecky LLP and Brown Goldstein Levy LLP, as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all compensation claim(s) I have against First Student, Inc. regarding my claims.

| Signed) 7/14/09 (Date | Lisa Smith (Signature) |
|---|---|

****IMPORTANT NOTE****

**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

# OPT-IN CONSENT FORM

First Student, Inc. – Unpaid Wages and Overtime Litigation
United States District Court for the Eastern District of Arkansas

**Complete And Mail To:**
FIRST STUDENT WAGE & HOUR LITIGATION
ATTN: BARBARA MILLS
BERGER & MONTAGUE, P.C.
1622 LOCUST STREET
PHILADELPHIA, PA 19103

| Name: (Please Print) Leroy Robinson | Date of Birth: 8-20-45 |
|---|---|
| Address: 301 CaNNAN Dr. Apt #103 Angelton, Tx, 77515 | Phone No. 1: 979-215-9452<br>Phone No. 2: 979-345-2107 |

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. in connection with the above-referenced lawsuit.

2. I worked as a **(title)** Bus driver/Dispatch Trainer employed by First Student, Inc. from on or about **(date)** 12-15-2000 to on or about **(date)** 3-15-09

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4. I specifically authorize the Named Plaintiffs, and their attorneys, Berger & Montague, P.C., Schneider Wallace Cottrell Brayton Konecky LLP and Brown Goldstein Levy LLP, as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all compensation claim(s) I have against First Student, Inc. regarding my claims.

| Signed 7-19-09 [signature] (Date | Leroy Robinson 9-19-09 (Signature) |
|---|---|

****IMPORTANT NOTE****

**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**