IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| NATE DOUGLAS, THOMAS DERICO, LISA SMITH, and LEROY ROBINSON, individually and on behalf of all persons similarly situated, | * * * * * | |
| Plaintiffs, | * * * | |
| vs. | * * * * * | No. 4:09cv00652 SWW |
| FIRST STUDENT, INC., | * * | |
| Defendant. | * | |

**Memorandum Opinion and Order**

This matter is before the Court on plaintiffs' motion to proceed as a collective action and request to facilitate notice to potential collective action members. Defendant responded in opposition to plaintiffs' motion and plaintiffs filed a reply to the response. Having considered the matter, and for the reasons stated below, the Court grants the motion.

**Background**

Plaintiffs are employees or former employees of First Student, Inc. ("First Student"), a school bus transportation company that provides services to the Little Rock School District. Nate Douglas worked as a driver; Thomas Derico, Lisa Smith, and Leroy Robinson worked as drivers and dispatchers. They bring collective class action claims against First Student pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, for failure to properly pay them and other similarly situated employees or former employees for straight and overtime pay for weeks in

which over forty hours were worked.[1] Plaintiffs also assert class action claims for alleged violations of the Arkansas Minimum Wage Act, breach of contract, and unjust enrichment.

Plaintiffs claim First Student has a policy or practice of failing to keep accurate records of all time worked and failing to compensate plaintiffs and similarly situated employees for all hours and overtime worked. They assert that First Student pays them based on estimates of the amount of time it takes for them to perform their jobs, not the actual time worked. For example, First Student pays its drivers for two and one-half hours for the morning shift and two and one-half hours for the afternoon shift, regardless of how long it takes them to perform such pre- and post-trip duties as inspections of their buses, completion of paperwork, waiting for students to be released from school, safely transporting students during bad weather or traffic congestion, disciplining students, waiting to park their buses in the lot, fueling, and handling mechanical duties. In addition, some drivers make extra trips which involve transporting school children for school-related events, such as field trips, athletic events, metropolitan runs, noon runs, and late care runs. Plaintiffs say it is First Student's policy to pay a flat rate for each extra trip, or a flat rate plus incremental time for each additional fifteen minutes of driving time.

Likewise, plaintiffs allege First Student pays dispatchers for a fixed number of hours regardless of how long they work, and dispatchers routinely work longer than the fixed number of hours. Furthermore, plaintiffs allege drivers are paid a different rate for performing "non- revenue" tasks during the day, such as dispatch work, training other drivers, clerical work, and bus washing. Plaintiffs contend First Student has a policy or practice of not aggregating weekly time spent by employees when they perform multiple kinds of work in order to avoid paying its employees

---

[1] *See* Pls.' Reply Br. at n.1.

overtime.

**Discussion**

Plaintiffs seeking class action status under the FLSA must utilize the opt-in class mechanism provided in 29 U.S.C. § 216(b) instead of the opt-out class procedures provided under Fed.R.Civ.P. 23. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir. 1996); *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace Inc. v. Costa*, 539 U.S. 90 (2003). Section 216(b) provides for a class action where the complaining employees are "similarly situated." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). Unlike class actions under Rule 23, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* (quoting § 216(b)). District courts have discretionary power "in appropriate cases" to authorize the sending of notice to potential class members in a collective action. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

This Court has adopted the *ad hoc*, two-tiered approach outlined in *Mooney*, for determining whether putative class members and named plaintiffs are "similarly situated" for purposes of § 216(b). *See Musticchi v. City of Little Rock*, No. 4:08cv419 SWW (E.D.Ark. Feb. 2, 2009)(order granting conditional class certification). This approach is described in *Mooney* as follows:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members.
>
> Because the Court has minimal evidence, this determination is made using a fairly

3

> lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – *i.e.* the original plaintiffs – proceed to trial on their individual claims.

54 F.3d at 1213-14 (internal footnote omitted).

The "similarly situated" determination at the notice stage "requires only a modest factual showing: it does not require the plaintiff and the potential class members to show that they are identically situated." *Resendiz-Ramirez v. P&H Forestry, LLC,* 515 F.Supp.2d 937, 941 (W.D.Ark. 2007). The plaintiff, however, "must present more than mere allegations; i.e. some evidence to support the allegations is required." *Young v. Cerner Corp.,* 503 F.Supp. 2d 1226, 1229 (W.D.Mo. 2007). This burden "may be met by making substantial allegations of class-wide discrimination that are supported by affidavits." *Freeman v. Wal-Mart Stores, Inc.*, 256 F.Supp.2d 941, 945 (W.D.Ark. 2003).

In support of their motion for a collective action, plaintiffs submit affidavits of three named plaintiffs and four putative class members, who say they regularly worked more than forty hours per week. They also say that First Student had a common "no overtime" pay policy applicable to all non-exempt employees, including bus drivers, trainers, and dispatchers, which manifested itself at least in the following ways: (1) failing to record the actual number of hours

4

worked by employees and paying them instead based on an "estimate" of how long their routes should take; (2) failing to aggregate all hours worked each week for purposes of calculating overtime pay; and (3) failing to pay an overtime rate for all hours greater than forty in a week. As of the filing of plaintiffs' motion, over 100 employees of First Student already have 'opted-in" by filing consent forms with the Court.

First Student questions the truthfulness of the affiants' claims that they regularly worked more than forty hours per week and argues the Court should not grant conditional certification until First Student can investigate those allegations. First Student argues because they cannot demonstrate they regularly worked more than forty hours per weeks, plaintiffs and the putative class members cannot show they were victims of a common policy to regularly deny overtime pay. First Student contends plaintiffs are not similarly situated to the putative class members because plaintiffs do not allege in their complaint that the putative class members regularly worked more than forty hours per week; drivers and dispatchers have different duties and hours; and determining liability would require individualized determinations of the alleged on-th-clock and off-the-clock work of every putative class member for every relevant work week. Such an analysis of the individual pay records of each plaintiff to determine class membership would defeat the purpose of a collective action scheme. In reply, plaintiffs assert they have met the lenient burden of showing they are "similarly situated" and that First Student's arguments go to the merits of plaintiffs' claim and thus are inappropriate at the notice stage.

The Court finds plaintiffs have made a sufficient preliminary showing that a similarly situated group of potential plaintiffs exist and a collective action is the appropriate means for prosecuting an action. The evidence is undisputed that First Student pays its drivers at their

hourly rate of pay for two and a half hours for the morning shift and two and a half hours for the afternoon shift, regardless of how many hours they actually worked. Plaintiffs allege First Student fails to pay plaintiffs for time spent on other work-related duties, fails to aggregate the different types of work to determine whether overtime pay is required, and that plaintiffs often worked in excess of forty hours per week without receiving overtime pay. There also is evidence that many other First Student employees wish to join this action.

Regarding plaintiffs' request to facilitate notice, plaintiffs proffered a proposed notice in response to First Student's objections, and state they are willing to meet and confer with First Student in an effort to submit to the Court an agreed notice. The Court directs the parties to submit for this Court's consideration an agreed notice within fourteen (14) days of the date of entry of this Memorandum Opinion and Order. Should the parties be unable to agree on a notice, the Court will resolve the issue.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' motion for conditional collective action certification [docket entry 40] is granted.

IT IS FURTHER ORDERED that the parties are directed to submit for this Court's consideration an agreed collective action notice within fourteen (14) days from the date of entry of this order. If the parties are unable to agree, Plaintiffs should submit a draft notice within fourteen (14) days, and First Student will have seven (7) days to respond.

DATED this 11th day of January, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE