IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| NATE DOUGLAS, ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | No. 4:09CV00652 SWW |
| | * | |
| FIRST STUDENT, INC., | * | |
| | * | |
| Defendant. | * | |

**Order**

Before the Court is defendant's motion for partial judgment on the pleadings and plaintiffs' motion for leave to file a second amended complaint.  For the reasons stated below, the motion for leave is granted and the motion for judgment on the pleadings is denied.

Plaintiffs are employees or former employees of defendant, a transportation company that provides bus service for the Little Rock School District.  They filed a class action and collective action complaint on July 31, 2009, and a first amended complaint on September 23, 2009, alleging violations of the Fair Labor Standards Act ("FLSA"), the Arkansas Minimum Wage Act, and state law claims of breach of contract and unjust enrichment.  On December 28, 2009, the Court issued a final scheduling order, setting April 16, 2010, as the deadline for filing motions to amend the pleadings. On January 11, 2010, the Court granted plaintiffs' motion for conditional collective action certification on their FLSA claim.  The Court then granted several joint motions to stay discovery to allow the parties to attempt to negotiate a settlement.  On June 22, 2010, defendant filed a motion for partial judgment on the pleadings on plaintiffs' breach of contract and unjust enrichment claims.

In response to defendant's motion for judgment on the pleadings, plaintiffs state that a second amended complaint they wish to file addresses defendant's objections to the breach of contract and unjust enrichment claims, and they seek leave to file an amended complaint.  Defendant filed a reply to plaintiffs' response and a response in opposition to plaintiffs' motion for leave to file a second amended complaint.  Plaintiffs filed a reply to defendant's response to their motion for leave, and defendant filed a sur-reply.

Defendant argues plaintiffs' breach of contract claim should be dismissed because the alleged "implied contract" which plaintiffs contend existed would not provide the relief plaintiffs seek and is contrary to Arkansas law.  They contend that plaintiffs' unjust enrichment claim fails because the factual allegations in the first amended complaint fail to state a claim for unjust enrichment.  Further, defendant argues, because the existence of a contractual agreement precludes a claim for unjust enrichment, even if plaintiffs plead sufficient facts to support a claim of unjust enrichment, such a claim must necessarily be limited to the time period prior to the enactment of the Collective Bargaining Agreement.  Defendant further asserts that plaintiffs' motion for leave to amend is untimely, plaintiffs were not diligent in seeking leave to amend, the proposed amendments would unduly prejudice defendant, and the proposed amendments to the breach of contract and unjust enrichment claims would be futile.

Plaintiffs respond that both formal and informal discovery has led them to assert in their proposed second amended complaint that defendant expressly agreed to pay plaintiff bus drivers for all driving time with a minimum of five hours per day; expressly agreed to pay all dispatchers, trainers, office and fueling employees at an hourly rate for all hours worked; defendant failed to honor those promises; and that plaintiffs relied on defendant's promises and accepted offers of

employment.  Plaintiffs assert a claim of unjust enrichment in the alternative, alleging defendant has received and benefitted from the uncompensated labor of plaintiffs, and for defendant to retain these benefits without compensation would be inequitable and constitute unjust enrichment.

Defendant argues plaintiffs should not be allowed to amend their complaint because their motion is untimely and they cannot demonstrate good cause to permit the amendment.[1]  The original scheduling order set the deadline for motions to amend on April 16, 2010, one month before the discovery deadline.  The parties asked the Court to stay discovery while they pursued settlement.  When the settlement negotiations ended, the Court entered a new final scheduling order without setting a new deadline for motions to amend.  The Court set new discovery and other motions deadlines.  The new discovery deadline is October 25, 2010.  Plaintiffs filed their motion for leave to file an amended complaint on July 22, 2010, three months before the discovery deadline.  The Court finds that plaintiffs' motion to amend falls within the standard timeline set by the Court, and that good cause exists to permit the amendment.  Plaintiffs do not state any new claims but seek to clarify the allegations supporting the claims based on subsequent discovery, particularly the deposition of the contract manager that took place during the parties' three-month stay.

Defendant argues the proposed amended complaint will prejudice them because in the first amended complaint, plaintiffs alleged a uniform policy and practice of not paying plaintiffs for all hours worked, and in the proposed amended complaint, plaintiffs allege they were promised to be paid for all hours worked.  Such an allegation, defendant asserts, would have been material to the issue of whether a common pay policy exists, and plaintiffs' failure to timely plead those allegations

---

[1]Fed.R.Civ.P. 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or the court's leave, which the court should freely give when justice so requires.  Fed.R.Civ.P. 16(b)(4) provides that a schedule may be modified only for good cause and with the judge's consent.

resulted in neither the Court nor defendant considering such allegations in conjunction with conditional certification of the FLSA overtime class.[2]  Defendant also complains that if the motion to amend is granted, it will have to depose every single member of the Rule 23 class to determine what promise was made.[2]  In response, plaintiffs point out that the source of plaintiffs' proof of a promise to pay is defendant's manager, and no motion for class certification has been filed.

Finally, defendant asserts plaintiffs' amendments are futile because they do not state a claim for relief and, at a minimum, the amendments as to the class claims are futile.  "When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Trust v. Possis Medical, Inc.,* 519 F.3d 778, 782 (8th Cir. 2008).  "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous. Whether to grant a motion for leave to amend is within the sound discretion of the court." *Becker v. University of Nebraska at Omaha,* 191 F.3d 904, 908 (8th Cir. 1999)(internal citations omitted).

The Court cannot find based on the allegations of the proposed amended complaint that the claims are legally frivolous.[3]  Therefore, the motion to amend will be granted.

IT IS THEREFORE ORDERED that defendant's motion for judgment on the pleadings [docket entry 98] is denied and plaintiffs' motion for leave to amend [docket entry 103] is granted.

---

[2]Def.'s Resp. in Opposition to Pls.' Mot. to Amend, at 13.

[2]*Id.* at 14.

[3]Defendant's argument that the breach of contract and unjust enrichment claims cannot be certified under Fed.R.Civ.P. 23 may be made in response to a motion made under Rule 23.

Plaintiffs are directed to file their amended complaint within seven (7) days from the date of entry of this Order.

DATED this 7th day of October, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE