FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 23 2011

JAMES W. McCORMACK
By: _____ CLERK
                        DEP CLERK

# SUPREME COURT OF ARKANSAS
No. 11-361

| | |
|---|---|
| NATE DOUGLAS, THOMAS DERICO, LISA SMITH, and LEROY ROBINSON, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED, PETITIONERS, <br><br> VS. <br><br> FIRST STUDENT, INC., RESPONDENT, | Opinion Delivered November 3, 2011 <br><br> CERTIFIED QUESTION FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, NO. 4:09CV00652, HON. SUSAN WEBBER WRIGHT, JUDGE, <br><br> <u>CERTIFIED QUESTION ANSWERED</u>. |

**JIM GUNTER, Associate Justice**

This case involves a question of Arkansas law certified to this court by the United States District Court for the Eastern District of Arkansas in accordance with our Supreme Court Rule 6-8 (2011). This court accepted certification on April 21, 2011, and framed the certified question as follows: what is the statute of limitations for causes of action involving a violation of the Arkansas Minimum Wage Act, codified at Ark. Code Ann. §§ 11-4-201 *et seq.*? *See Douglas v. First Student, Inc.*, 2011 Ark. 172 (per curiam). Under our Supreme Court Rule 6-8(c)(1), this court has the authority to reformulate a certified question. *See Hempstead Cnty. Hunting Club, Inc. v. Sw. Elec. Power Co.*, 2011 Ark. 234, ___ S.W.3d ___. In this instance, after further review, we have determined that the more specific question being asked is as follows: what is the appropriate statute of limitations for a private cause of action pursuant to Ark. Code Ann. § 11-4-218(e) (Supp. 2011)?

Petitioners, Nate Douglas, Thomas Derico, Lisa Smith, and Leroy Robinson,

individually and on behalf of all persons similarly situated, filed a class-action complaint in federal district court on July 31, 2009, alleging violations of the federal Fair Labor Standards Act (FLSA), the Arkansas Minimum Wage Act (AMWA), breach of contract, and unjust enrichment. Petitioners were all employed by Respondent First Student, Inc., as school-bus drivers or dispatchers operating in the Little Rock public school system and claimed that respondent violated the AMWA by failing to compensate them for regular and overtime wages in weeks in which they worked more than forty hours. Petitioners initially sought to recover under the AMWA for a period beginning on August 1, 2006, which was three years prior to the filing of the complaint. On March 22, 2011, Petitioners filed a Motion for Leave to Amend Complaint, seeking to alter their complaint to recover under the AMWA for a five-year period beginning on July 31, 2004. Respondent opposed the motion, contending that an amendment to the complaint would be futile because petitioners' AMWA claims were governed by the three-year statute of limitations set forth in Ark. Code Ann. § 16-56-105. On April 1, 2011, the district court certified the question of what the appropriate statute of limitations was for a violation of the AMWA to this court.

Petitioners' claim that respondent violated the AMWA is predicated on the obligation contained in Ark. Code Ann. § 11-4-211 (Repl. 2002 & Supp. 2011), that an employer pay one and one-half times the regular rate of pay for all hours worked in excess of forty per week. Prior to October 2006, only the director of the Arkansas Department of Labor had authority to recover overtime wages under the AMWA through legal action. Ark. Code Ann. § 11-4-218(d) (Repl. 2002). Effective October 1, 2006, the General Assembly amended the

AMWA to add a private cause of action for an employee to recover overtime wages. Ark. Code Ann. § 11-4-218(e) (Supp. 2011). However, the statute does not expressly provide for a statute of limitations for such private actions.

Petitioners assert that the proper statute of limitations for private actions brought in accordance with § 11-4-218(e) is five years based on the catch-all statute-of-limitations provision found in Ark. Code Ann. § 16-56-115 (Repl. 2005). In support of that position, they cite to our holding in *Miller Brewing Co. v. Roleson*, 365 Ark. 38, 223 S.W.3d 806 (2006). Respondent counters that a long line of cases from this court prior to *Miller Brewing* establish that the three-year statute of limitations provided in Ark. Code Ann. § 16-56-105 (Repl. 2005), is applicable to claims founded on statutory liability.

When determining which statute of limitations applies in a case, the court must look to the facts alleged in the complaint itself to ascertain the area of law in which they sound. *Kassees v. Satterfield*, 2009 Ark. 91, 303 S.W.3d 42. If two or more statutes of limitation apply to a cause of action, generally the statute with the longest limitation will be applied. *Id.* However, we look to the gist of the action to determine which statute of limitations to apply. *Id.* Arkansas Code Annotated section 16-56-105 provides that all actions founded upon any contract, obligation, or liability not under seal and not in writing and all actions founded on *any contract or liability, expressed or implied*, shall be commenced within three years after the cause of action accrues. (Emphasis added.) Arkansas Code Annotated section 16-56-115, the catch-all provision, provides that all actions not included in §§ 16-56-104 (actions with a one-year limitation), 16-56-105 (actions with a three-year limitation), 16-56-108 (statutory

penalties), and 16-56-109 (actions against sheriffs, coroners, and other officials) shall be commenced within five years after the cause of action has accrued.

We have traditionally applied a three-year statute of limitations to actions arising under a liability that is imposed by statute. In *Nebraska National Bank v. Walsh*, 68 Ark. 433, 59 S.W. 952, 954–55 (1900), we noted that

> [h]aving reached the conclusion that this is a statutory liability, and not a penalty, the statute of limitations would be that applicable to "all actions founded upon any contract or liability, expressed or implied, not in writing." For, before the forms of action were abolished, debt was the proper action for enforcing a statutory liability of the kind under consideration.

(Internal citations omitted.) Thereafter, we reaffirmed that holding in *McDonald v. Mueller*, 123 Ark. 226, 183 S.W. 751 (1916). Consequently, in *Winston v. Robinson*, 270 Ark. 996, 606 S.W.2d 757 (1980), this court applied the three-year statute of limitations to the bastardy statutes, which did not contain a specific statute of limitations, and cited to *Walsh, supra*, because the legal obligation arose from a statutory provision. The *Winston* court also cited with favor to *Wilder v. Garner*, 235 Ark. 400, 360 S.W.2d 192 (1962), in which this court noted that in cases where the parties have a written contract for support, we have applied the five-year statute of limitations for written contracts, but held that the three-year limitation applies to the statutory obligation compelling a putative father to support his child where no writing exists. *See also Davis' Estate v. Herrington*, 53 Ark. 5, 13 S.W. 215 (1890) (acknowledging putative father's statutory obligation). Similarly, in *City of Pocahontas v. Huddleston*, 309 Ark. 353, 831 S.W.2d 138 (1992), we applied the three-year-limitations period in § 16-56-105 to a city's obligation to pay holiday compensation to its employees

because the duty was fixed by statute. *See also Love v. Couch*, 181 Ark. 994, 28 S.W.2d 1067 (1930) (applying three-year statute of limitations to enforcement of statutory liability); *Zimmerman v. W. & S. Fire Ins. Co.*, 121 Ark. 408, 181 S.W. 283 (1915) (same); *Crites v. Cowan*, 2011 Ark. App. 11 (rejecting § 16-56-115's catch-all provision and noting that § 16-56-105 has consistently applied to liabilities that exist only by statute).

Petitioners cite this court's holding in *Miller Brewing Co. v. Roleson*, 365 Ark. 38, 223 S.W.3d 806 (2006), as standing for the proposition that the catch-all limitations provision in Ark. Code Ann. § 16-56-115 applies to statutory causes of action that do not contain an express limitations provision. In *Miller Brewing*, we observed that the cause of action arose under both the Arkansas Franchise Practices Act and the written franchise agreement. Therefore, both the three-year statute of limitations provided in § 16-56-105 and the five-year provision for written contracts in § 16-56-111 were applicable. However, we declined to apply either § 16-56-105 or § 16-56-111 and affirmed the circuit court's application of the catch-all provision's five-year statute of limitations to actions brought under the Franchise Act. Although in the present case the petitioners' cause of action arises only under the AMWA, we take this opportunity to revisit our holding in *Miller Brewing* and clarify that the circuit court in that instance reached the right result—the appropriate statute of limitations was five years—but for the wrong reason. We have held many times that where two or more statutes of limitation apply to a cause of action, generally the statute with the longest limitation period will be applied. *See Kassees, supra; Sturgis v. Skokos*, 335 Ark. 41, 977 S.W.2d 217 (1998); *O'Bryant v. Horn*, 297 Ark. 617, 764 S.W.2d 445 (1989). Thus, our application

in *Miller Brewing* of a five-year statute of limitations was correct where two conflicting limitations provisions applied to the cause of action. However, to the extent *Miller Brewing* conflicts with prior case law, we reaffirm our precedent that where a cause of action is brought pursuant to a statute that does not expressly provide a limitations period, § 16-56-105 is the appropriate limitations provision.

Here, the question certified to this court involves the appropriate statute of limitations for the private cause of action provided by Ark. Code Ann. § 11-4-218(e), which allows an employee to bring an action for equitable and monetary relief against an employer for minimum wages, including overtime wages, without exhausting administrative remedies. Section 11-4-218(e) constitutes a liability created expressly by statute, and it does not include a specific limitations provision. Accordingly, based on our long history of applying § 16-56-105's three-year limitation period for statutorily created liabilities that do not contain an express limitations period, we hold that a three-year statute of limitations would apply to private causes of action brought pursuant to the AMWA.

Certified question answered.

MANDATE

CERTIFIED QUESTION ANSWERED

STATE OF ARKANSAS
In the Supreme Court

Proceedings of November 3, 2011

11-361
NATE DOUGLAS, THOMAS DERICO,
LISA SMITH, AND LEROY ROBINSON,
INDIVIDUALLY AND ON BEHALF OF
ALL PERSONS SIMILARLY SITUATED                    PETITIONERS
v. An Original Action from the
   United States District Court for the
   Eastern District of Arkansas
      (No. 4:09CV00652 SWW)
FIRST STUDENT, INC.                               RESPONDENT

     This certified question of law was submitted to the Arkansas Supreme Court as an original action petition from the United States District Court for the Eastern District of Arkansas, and on briefs of the respective parties. After due consideration, the answer of the Court to the certified question is set out in the attached opinion.

     IN TESTIMONY, that the above is a true copy of
the judgment of the Arkansas Supreme Court. I,
Leslie W. Steen, Clerk, set my hand and affix the
seal this 22nd day of November, A.D. 2011.

_____
                     Clerk

IN TESTIMONY, That the above is a true copy of the opinion of said Supreme Court rendered in the case therein stated, I, Leslie W. Steen, Clerk of said Supreme Court, hereunto set my hand and affix the Seal of said Supreme Court, at my office in the City of Little Rock this __22nd__ day of __November__, A.D., __2011__.

_____
Clerk

By _____
D.C.