**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**NATE DOUGLAS, THOMAS DERICO,**
**LISA SMITH, AND LEROY ROBINSON,**
Individually and on Behalf of all Persons Similarly Situated                 **PLAINTIFFS**

v.                             **CASE NO. 4:09CV00652 BSM**

**FIRST STUDENT, INC.**                                                      **DEFENDANT**

**ORDER**

Defendant First Student, Inc.'s motion for class certification under Federal Rule of Civil Procedure 23 [Doc. No. 160] is denied.

I. BACKGROUND

The relevant facts and procedural history are set forth in the companion order filed today granting First Student's motion to decertify the conditionally certified Fair Labor Standards Act (FLSA) class. In brief, First Student provides student bussing for the Little Rock School District, and plaintiffs are bus drivers who work out of First Student's Little Rock terminal. In addition to their FLSA claim, plaintiffs also seek relief under the Arkansas Minimum Wage Act (AMWA) and under a theory of unjust enrichment.

In support of their AMWA claim, plaintiffs allege that First Student failed to pay them at their regularly hourly wage rate in weeks in which they worked over forty hours and for all work performed at the applicable overtime rate for work over forty hours. Plaintiffs also allege that First Student violated the AMWA by failing to record plaintiffs' respective wage and hour records showing all wages earned and due for all work performed.

In support of their unjust enrichment claim, plaintiffs allege that First Student devised a scheme to secure uncompensated work from plaintiffs. They further allege that First Student appreciated the benefit of these services without paying plaintiffs for the full value of their services and that it has continued to retain such benefits.

Plaintiffs request certification of two separate classes. The first proposed class embraces their claim under the AMWA and would be comprised of

> All drivers who worked at First Student's Little Rock, Arkansas terminal who performed qualifying tasks in addition to morning runs and afternoon runs in any single workweek between August 1, 2006 and June 30, 2010 (the "AMWA class"). Qualifying tasks include: athletic trips, field trips, metro runs, late care runs, dispatch work, clerical work, and training.

With respect to the AMWA class, plaintiffs seek certification of the following issues pursuant to Federal Rule of Civil Procedure 23(c)(4):

> 1)   Whether First Student had a common policy or practice of failing to compensate its drivers for all work performed on A.M./P.M. Runs in violation of the AMWA?
>
> 2)   Whether First Student had a common policy or practice of failing to compensate its drivers for all work performed on athletic trips, field trips, metro runs, late care runs, and extra runs, as well as for any clerical, training, and dispatch work, in violation of the AMWA?
>
> 3)   Whether First Student had a common policy or practice of failing to aggregate certain work activities as "hours worked" for the purpose of calculating whether overtime compensation was owed to its drivers for hours over 40 in a workweek, in violation of the AMWA?
>
> 4)   Whether First Student had a common policy or practice of failing to maintain records of the actual hours worked by its drivers on certain work activities?
>
> 5)   Whether First Student had a common policy or practice of failing to pay all straight time and overtime to its drivers in violation of the AMWA?

6) If First Student had a common policy or practice of failing to pay all straight time and overtime to its drivers in violation of the AMWA, whether this common policy or practice was willful?

The second proposed class embraces plaintiffs' claim for unjust enrichment under Arkansas law and would be comprised of

All drivers who worked at First Student's Little Rock, Arkansas terminal who performed a morning run or afternoon run between August 1, 2006, and December 25, 2008 (the "unjust enrichment class").

With respect to the unjust enrichment class, plaintiffs seek certification of the following issues pursuant to Federal Rule of Civil Procedure 23(c)(4):

1) Whether First Student had a common policy or practice whereby its drivers were entitled to be paid for all hours worked in excess of five hours on their A.M./P.M. Runs?

2) Whether First Student had a common practice of failing to compensate its drivers for all hours worked in excess of five hours for A.M./P.M. Runs?

3) Whether First Student had a common practice of failing to provide its drivers with an exception process that they could use to be compensated for all hours worked in excess of five on their A.M./P.M. Runs?

4) Whether First Student had a common policy or practice of failing to maintain records of the actual hours worked by its drivers on certain work activities?

5) Whether First Student was aware that its drivers regularly worked in excess of five hours on their A.M./P.M. Runs?

6) Whether First Student is entitled to obtain the benefit of compensation owed to drivers for all hours worked in excess of five hours on their A.M./P.M. Runs?

7) Whether First Student's compensation policy and practice with respect to A.M./P.M. Runs unjustly enriched First Student in violation of Arkansas law?

First Student objects to certification asserting that plaintiffs fail to meet the

requirements of Rule 23 as to either proposed class.

## II. LEGAL STANDARD

To obtain class certification under Rule 23, plaintiffs must establish the four criteria set forth in subsection (a) by proving that: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequate representation"). Fed. R. Civ. P. 23(a); *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982).

In addition to meeting these requirements, the proposed class must fall into one of three categories provided in subsection (b). The first type of class action is one in which the prosecution of individual actions would result in "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class. Fed. R. Civ. P. 23(b)(1). The second type of class action is appropriate when the defendant "has acted or refused to act on grounds generally applicable to the whole class," making declaratory relief appropriate "with respect to the class as a whole." *Id.* 23(b)(2). The third type of class action is preferred if questions of law or fact common to the members of the class predominate over individualized consideration and the class action is the superior method for adjudication. *Id.* 23(b)(3).

If a class meets the prerequisites of Rule 23(a) and fits into one of the three types of actions enumerated in Rule 23(b), then Rule 23(c)(4) permits an action to be maintained with

respect to particular issues.

## III. DISCUSSION

Plaintiffs' request for certification of their AMWA and unjust enrichment claims is denied because they do not satisfy the requirements of Rule 23(a).

A.    <u>The AMWA Class</u>

Plaintiffs cannot satisfy the requirement of commonality. Therefore, the AMWA class will not be certified.

Although it concedes that plaintiffs can meet the numerosity and adequacy of representation requirements, First Student maintains that plaintiffs cannot demonstrate commonality and typicality and that the proposed classes do not fit within the three types of class actions allowed under Rule 23(b).

Rule 23(a)(2) requires that there be common questions of law or fact among the members of the class. *Paxton*, 688 F.2d at 561. In *Wal-Mart Stores, Inc. v. Dukes*, however, the Supreme Court clarified that "what matters to certification is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." 131 S. Ct. 2541, 2551 (2011).

As explained at length in the companion FLSA decertification order, the issues on which plaintiffs seek certification are not answerable with classwide proof because the inquiries are inherently specific to each driver. For example, whether or not First Student had a common policy or practice to not compensate drivers for all work performed on AM/PM runs, athletic trips, field trips, metro runs, late care runs, extra runs, or clerical, training, and

dispatch work has no bearing on its liability under the AMWA absent proof that the class members actually worked more than forty hours and were not properly paid overtime. The same is true of First Student's alleged failures to maintain records of actual hours worked and to aggregate certain work activities for the purpose of calculating whether overtime compensation was due under AMWA.

The proposed AMWA class includes drivers who performed AM/PM runs plus other qualifying tasks in the same workweek. This would include a driver whose AM/PM run took four hours per day and who drove a single three-hour athletic trip. This hypothetical driver would have only worked 23 hours, which is far below the AMWA's liability threshold. Because the class could include numerous part-time employees with no AMWA claim along side full-time drivers with legitimate AMWA claims, there are no classwide answers to the common questions plaintiffs raise. Each driver's claim will essentially require a mini-trial.

Accordingly, plaintiffs have failed to show that the class members have suffered the same injury, and there is no common contention "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Because plaintiffs cannot meet the commonality requirement, no further analysis under Rule 23 is necessary.

B.     The Unjust Enrichment Class

For similar reasons, plaintiffs' unjust enrichment class cannot be certified. This is because the answers to plaintiffs' proposed questions would not drive the resolution of the litigation. Indeed, those questions raise a number of individualized problems rendering them

6

incapable of classwide resolution.

For example, to determine whether an individual driver could recover under an unjust enrichment theory, the driver would have to establish that she had a reasonable expectation to be paid for any excess route time on her AM/PM runs. *See Adkinson v. Kilgore*, 970 S.W.2d 327, 330–31 (Ark. Ct. App. 1998). Most of the drivers testified that they had no expectation that they would be paid for excess route time and admitted that they were repeatedly told that they would not be paid more than the five hour guarantee. Additionally, several of the named plaintiffs testified that it was common knowledge that the drivers would only receive the five hour job rate for their routes. Defendant's Response to Plaintiffs' Statement of Facts, at 8.

Therefore, although plaintiffs have identified questions common to the class, answering those questions as to any one class member does not necessarily answer the question as to another class member. Consequently, plaintiffs have failed to establish the commonality requirement of Rule 23(a), and certification of the unjust enrichment class is inappropriate.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23 [Doc. No. 160] is denied.

IT IS SO ORDERED this 23rd day of August 2012.

_____
UNITED STATES DISTRICT JUDGE